UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMED MOSHRIF,<br><br>                      Plaintiff,<br>  v.<br><br>CITY OF REDMOND, *et al.*,<br><br>                      Defendants. | Case No. C12-1135-MJP-JPD<br><br>REPORT AND RECOMMENDATION |

      In July 2012, plaintiff Mohamed Moshrif presented to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* Dkt. No. 1.) At the time plaintiff filed his complaint, he was in custody at the Snohomish County Jail where he was serving a sentence on a misdemeanor charge of violating a no contact order. Plaintiff alleged in his original complaint that the City of Redmond and the State of Washington had violated his constitutional rights during the course of the prosecution which resulted in his incarceration. (*See* Dkt. No. 8.) Plaintiff requested damages, dismissal of all charges, and immediate release from custody in his complaint. (*Id.*)

      After reviewing plaintiff's complaint, this Court determined that the pleading was deficient in various respects. Accordingly, this Court issued an Order declining to serve the

REPORT AND RECOMMENDATION
PAGE - 1

1  complaint and granting plaintiff leave to file an amended pleading correcting certain specified

2  deficiencies.  (Dkt. No. 9.)  The Court noted the following deficiencies in its Order declining to

3  serve the complaint:  (1) plaintiff's claims appeared to be barred by *Heck v. Humphrey*, 512 U.S.

4  477 (1994); (2) plaintiff failed to identify any custom or policy of the City of Redmond that

5  caused the injuries alleged in the complaint; and (3) plaintiff's claims against the State of

6  Washington were barred by the Eleventh Amendment.  (*See id.*)

7  The Court also noted in its Order one additional deficiency which arose out of a separate

8  document filed by plaintiff in which he indicated his desire to add "Seattle Superior Court" to his

9  list of defendants.  (*Id.*)  The Court advised plaintiff that it was unaware of any such entity and

10 speculated that plaintiff may have intended to refer to the King County Superior Court.  (*Id.*)

11 The Court went on to explain that the King County Superior Court would not be deemed a

12 proper defendant in this action.  (*Id.*)

13 After the Court issued its Order declining to serve plaintiff's original complaint, the

14 Court received from plaintiff what appeared to be a supplement to the original complaint.[1]  (*See*

15 Dkt. No. 10.)  In that pleading, plaintiff expanded his list of defendants to include the King

16 County Superior Court, the Snohomish County Jail, the King County Jail, and the Issaquah City

17 Jail, and he asserted claims which primarily concerned the conditions of his confinement at the

18 named jails.  (*See id.*)

19 Shortly after receiving the supplemental pleading, the Court received from plaintiff an

20 amended complaint which appeared to have been filed in response to the Court's Order declining

21 to serve his original complaint. (Dkt. No. 12.)  In that pleading, plaintiff again expanded his list

22

23 [1] This pleading is identified on the docket as an amended complaint.  (*See* Dkt. No. 10.)

of defendants.  The defendants identified in the second amended complaint were:  the City of Redmond, the Redmond Police Department, Redmond City Prosecutors Stefanie Snow and Richard Mitchell, the Snohomish County Jail, the King County Jail, the Issaquah City Jail, and Immigrations and Customs Enforcement.  (Dkt. No. 12 at 3.)

Plaintiff alleged in his second amended complaint that the City of Redmond and the two named prosecutors violated his rights during the course of the criminal prosecution.  (*Id*. at 6-11.)  Plaintiff also appeared to allege in his second amended complaint that the Redmond Police Department violated his rights when unidentified officers failed to read him his *Miranda* rights at the time he was arrested, when information obtained during a custodial interrogation was used to support the charges against him, and when police failed to investigate statements made by plaintiff about crimes committed against him by his wife.  (*Id*. at 11-12.)

As to the three jails identified as defendants in the second amended complaint, plaintiff alleged multiple violations of his constitutional rights arising out of the conditions of his confinement at those facilities.  (*Id*. at 12-16.)  Finally, with respect to defendant Immigration and Customs Enforcement ("ICE"), plaintiff complained that ICE chose to conduct a custodial interview during the month of Ramadan, fingerprinted and interviewed him without a lawyer present, interviewed him without first providing *Miranda* warnings, and improperly placed an immigration hold against him.  (*Id*. at 16-17.)

After reviewing plaintiff's second amended complaint, this Court determined that that pleading was deficient in various respects as well.  Thus, on November 20, 2012, this Court issued an Order declining to serve plaintiff's second amended complaint and granting him leave to file a third amended complaint.  (Dkt. No. 24.)  The Court noted the following deficiencies in

REPORT AND RECOMMENDATION
PAGE - 3

its Order declining to serve plaintiff's second amended complaint: (1) plaintiff failed to identify any custom or policy of the City of Redmond that caused the injuries alleged in the complaint; (2) the City of Redmond prosecutors were immune from liability for damages; (3) plaintiff failed to adequately allege any cause of action against the Redmond Police Department, the Snohomish County Jail, the King County Jail, or the Issaquah City Jail; and (4) ICE is an agency of the United States and is therefore not subject to suit in a civil rights action. (*See* Dkt. No. 24 at 4-9.)

Plaintiff was granted thirty days within which to file a third amended complaint correcting the deficiencies identified in his second amended complaint. He was also advised that if no amended complaint was timely filed, or if he failed to correct the identified deficiencies, this Court would recommend dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B). (*Id.* at 9.) Plaintiff has filed no third amended complaint. The City of Redmond, the Redmond Police Department, and the City of Redmond prosecutors named in the second amended complaint have now moved to dismiss plaintiff's claims with prejudice under § 1915(e)(2)(B) for the reasons identified in this Court's previous Order. (*See* Dkt. No. 25.)

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). As plaintiff failed to adequately allege any viable claim for relief against the defendants identified in his second amended civil rights complaint, and as a majority of the defendants identified in his second amended complaint are not even subject to suit under

REPORT AND RECOMMENDATION
PAGE - 4

§ 1983[2], this Court recommends that the City of Redmond defendants' motion to dismiss be granted and that plaintiff's second amended complaint, and this action, be dismissed with prejudice as to all named defendants pursuant to § 1915(e)(2)(B).  A proposed Order accompanies this Report and Recommendation.

DATED this 3rd day of May, 2013.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

---

[2] As noted above, the two City of Redmond prosecutors are immune from liability and ICE is not subject to suit in this civil rights action.  Moreover, the City of Redmond Police Department, the Snohomish County Jail, the King County Jail and the Issaquah City Jail are not suable entities under Washington law.  *See City of Seattle v. Dutton*, 147 Wn. 224, 226 (1928) (City of Seattle liable for acts of negligence committed by Department of Parks because department "is not an entity separate and apart from the city."); *Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.")

REPORT AND RECOMMENDATION
PAGE - 5